UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SYLVIA JENKINS,
Plaintiff,

v.

5:08-CV-0921
(NPM/GHL)

MICHAEL MURPHY,
Defendant.

APPEARANCES

SYLVIA JENKINS
Plaintiff *pro se*
107 Mary Street
Syracuse, New York 13208

GEORGE H. LOWE, United States Magistrate Judge

**REPORT AND RECOMMENDATION**

The Clerk has sent to the Court for review a *pro se* complaint submitted for filing by Plaintiff, together with an application to proceed *in forma pauperis*. (Dkt. Nos. 1 and 2.)

The Complaint is filed on a form labeled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." It alleges that Defendant, landlord Michael Murphy, evicted Plaintiff from her Syracuse rental unit "for no legal reason." Defendant evicted Plaintiff by placing "all of [her] tangible and personal property outside ... where majority was stolen and damaged." Plaintiff alleges that Defendant told her he evicted her because Plaintiff "lacked in communicating with him." The civil cover sheet alleges that Plaintiff and Defendant are both residents of New York.

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, the court has a responsibility to determine that a complaint may be properly maintained in this Court before it may permit a plaintiff to proceed with an action *in forma pauperis*.[2] *See id.* Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

42 U.S.C. section 1983 permits a person to recover damages from another who has deprived her of her constitutional rights "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory." It is the duty of the plaintiff to allege state action on the part of the defendants named in a complaint, and a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus. *See, e.g., Giannini vs. Pearson et al.*, No. 95-CV-1669, slip op. at 4 (N.D.N.Y.), *appeal dismissed* (2d Cir. Apr. 19, 1996); *Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint where plaintiff failed to allege state action on part of defendants) (citations omitted); *see also DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir.) (affirming dismissal of complaint where plaintiff failed to include

---

[1] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

allegations of state action in complaint), *modified on other grounds* 520 F.2d 409 (2d Cir. 1975); *Lawson v. Abrams*, No. CV-84-4325, 1988 WL 49244, *4 (E.D.N.Y. May 6, 1988) (same).

Here, Plaintiff has not alleged any state action by Defendant. She has not invoked any other basis for federal question jurisdiction, such as facts suggesting that the eviction was discriminatory within the meaning of the Fair Housing Act. This Court cannot accept diversity jurisdiction over any state law wrongful eviction claims that Plaintiff may have because both Plaintiff and Defendant are citizens of New York. Therefore, the Complaint fails to state a claim and must be dismissed.

Should Plaintiff claim that this action should not be dismissed, she is directed to file an amended Complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation. Any amended Complaint, **which shall supersede and replace in its entirety Plaintiff's original Complaint**, must allege claims of misconduct or wrongdoing against the Defendant which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in forma pauperis* application is granted;[3] and it is further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be dismissed for failure to state a claim; and it is further

**RECOMMENDED**, that Plaintiff may file an amended Complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation, and it is further

**RECOMMENDED**, that if Plaintiff fails to timely file an amended Complaint, the Clerk shall enter judgment dismissing this action without further order of this Court due to Plaintiff's failure to

---

[3] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that she may incur in this action, including copying and/or witness fees.

comply with the terms of any Order adopting this Report and Recommendation, and it is further

**RECOMMENDED**, that upon the filing of Plaintiff's amended Complaint, the file in this matter be returned to the Court for further review, and it is further

**ORDERED**, that the Clerk serve a copy of this Order and Report and Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 2, 2008
Syracuse, New York

George H. Lowe
United States Magistrate Judge